**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOLLBORG/MICHELSON PERSONNEL SERVICE,<br><br>          Plaintiff,<br><br>     v.<br><br>EXECUTIVE RISK INDEMNITY,<br><br>          Defendant.<br>                                                                    / | No. C 06-05226 WHA<br><br>**ORDER REMANDING CASE TO THE SUPERIOR COURT OF SAN FRANCISCO AND VACATING HEARING** |

**INTRODUCTION**

In this insurance-contract case, plaintiff moves to remand to state court, or, alternatively, amend the complaint. For the reasons stated below, this order **GRANTS** plaintiff's motion to remand.

**STATEMENT**

On August 24, 2006, defendant Executive Risk Indemnity, Inc., removed this action from San Francisco Superior Court to this Court. According to the complaint, plaintiff Wollborg/Michelson Personnel Service Inc. is a company that hires its employees out as temporary workers. In May 2005, one of plaintiff's employees, Carlos Ortiz, filed a complaint alleging, among other things, that plaintiff discriminated against its employees on the basis of their race. After about a year of litigation, plaintiff settled with Ortiz (Compl. ¶¶ 1, 6).

The complaint alleges that defendant Executive Risk, plaintiff's insurance company, was responsible for indemnifying plaintiff for the legal expenses incurred during the Ortiz

1 litigation (Compl. ¶ 10). The complaint requests declaratory relief and states claims against
2 Executive Risk for breach of written insurance policy, breach of the implied covenant of good
3 faith and fair dealing, and unlawful and fraudulent business practices (Compl. ¶¶ 14–23). The
4 complaint did not attach a specific dollar amount to the damages alleged in the complaint.

5 Defendant removed the case to this Court, citing diversity of citizenship as the basis for
6 this Court's jurisdiction. Defendant's notice of removal stated that "plaintiff seeks to recover
7 general damages, attorney's fees and costs it incurred in an underlying lawsuit, and the amounts
8 plaintiff paid to settle that lawsuit. Accordingly, the amount in controversy therefore exceeds
9 $75,000" (Notice of Removal ¶ 6).

10 Plaintiff has filed two motions: (1) a motion to remand to state court, and alternatively,
11 (2) a motion for leave to amend the complaint and remand. Because this order finds that this
12 action must be remanded to state court, it does not address the motion for leave to amend.

## ANALYSIS

14 For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. 28
15 U.S.C. 1332(a). The complaint here does not specify the amount in controversy. "Where it is
16 not facially evident from the complaint that more than $75,000 is in controversy, the removing
17 party must prove, by a preponderance of the evidence, that the amount in controversy meets the
18 jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th
19 Cir. 2003). The removal statute is strictly construed *against* removal jurisdiction and "federal
20 jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
21 *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When determining the amount in
22 controversy, a court may look to "facts presented in the removal petition as well as any
23 summary-judgement-type evidence relevant to the amount in controversy at the time of
24 removal." *Matheson*, 319 F.3d at 1090.

25 This order finds that the evidence defendant submitted falls far short of establishing that
26 the amount in controversy here exceeds the jurisdictional minimum. Defendant's notice of
27 removal states in a wholly-conclusory manner that the amount in controversy exceeds $75,000.
28 No facts in the notice support defendant's allegation. Conclusory allegations regarding the

2

amount in controversy may not be a basis for removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Defendant claims that invoices for attorney's fees and costs sent by plaintiff to defendant during the Ortiz litigation also establish that the amount in controversy here exceeds $75,000. Those invoices, allegedly provided to defendant in October 2005, establish that the attorney's fees incurred between May 2005 and October 2005 totaled $33,041.39. Defendant contends that because the "Ortiz Lawsuit was litigated for at least another eight months thereafter . . . it is reasonable to conclude that . . . attorney's fees and costs Wollborg incurred in defending the Ortiz Lawsuit, together with the settlement payment Wollborg made in that lawsuit exceeded $75,000" (Opp. 4). This order disagrees. Nothing in the complaint or other documents in the record indicates the amount of attorney's fees incurred by plaintiff after October 2005. Nor does the evidence establish the amount of the settlement with Ortiz. Although in some cases it may be proper to extrapolate established facts to establish the amount in controversy, this is not such a situation. On these facts, it would be improper to find that the amount in controversy exceeds $75,000, when defendant has only demonstrated an amount in controversy of $33,041.39.[*]

Finally, defendant contends that the proposed first amended complaint filed by plaintiff alleges that the amount in controversy exceeds $75,000. The proposed amended complaint, however, only alleges that plaintiff suffered damages "in amounts in excess of the jurisdictional minimum of this court" (Proposed Am. Compl. at 11–12). It does not specify a dollar amount for plaintiff's damages. Again, such conclusory allegations are not enough to satisfy defendant's burden.

In sum, defendant has not provided "competent proof" to establish the "jurisdictional facts." *Gaus*, 980 F.2d at 567. This order finds that there is significant doubt as to defendant's right of removal. Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[*] Plaintiff objects to the attorney's fees invoices by alleging, among other things, that they are hearsay and lack foundation. This order finds that even considering those records, defendant still has not satisfied its burden.

3

**United States District Court**
For the Northern District of California

**CONCLUSION**

Plaintiff's motion to remand is **GRANTED**. This action is **REMANDED** to the Superior Court of San Francisco. Plaintiff's motion for leave to file amended complaint is **DENIED** as moot. Plaintiff's request for judicial notice is **DENIED** as moot. Plaintiff's objections to defendant's evidence are **DENIED** as moot. The hearing currently scheduled for October 26, 2006, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 23, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4